UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                 PLAINTIFF

v.                                                                  CRIMINAL NO. 4:23-CR–1-GNS

STEVEN RAY BUCHANAN                 DEFENDANT

## SENTENCING MEMORANDUM
*-ELECTRONICALLY FILED-*

The United States of America files its memorandum in support of sentencing in this action currently scheduled for September 17, 2024.

717. Introduction

Steven Buchanan took sexually lascivious pictures of neighborhood children when they visited his home to play with his grandchildren and spend the night. He then uploaded child pornography pictures to the internet to gain access to other child pornography. When he was arrested, he possessed approximately 1,200 images and 14 videos of child pornography across multiple electronic storage devices. Buchanan gave the bogus explanation that he distributed child pornography to gain access to child pornography websites so that he could find pictures of his grandchild. Because of his conduct, the United States is asking the Court to impose a low-end guideline sentence of imprisonment followed by a lifetime term of supervised release as agreed to in the parties' plea agreement.

## II.  Factual Background

Steven Ray Buchanan is a child pornography collector who started producing his own child pornography.  He possessed over 1,200 images of child pornography on his electronic devices depicting prepubescent girls, one of which depicted a young girl bound and blindfolded.  (DN 28, at paras. 18©, 21).  After getting a taste for viewing child pornography Buchanan started surreptitiously using his cell phone to record videos up the shorts of a prepubescent girl to capture images of her uncovered vagina.  (Id. At para. 16).  He also took a full nude picture of two prepubescent girls while they stood in the doorway to his bedroom.  (Id. At para. 17).

Homeland Security Investigations (©) located Buchanan online using a peer-to-peer file sharing program to download and upload child pornography.  (Id at para. 15).  © observed Buchanan upload a video of a four to eight-year-old girl performing fellation on an adult male.  (Id. At para. 18).  © then executed a search warrant on Buchanan's residence in Madisonville, Kentucky and seized several electronic devices including Buchanan's cell phone, which contained multiple images and videos of child pornography.  (Id. At para. 16).

©'s review of Buchanan's cell phone also revealed child pornography pictures and videos he took of neighborhood children both inside and outside of his home. Buchanan would give the seven-year-old children money and treats to dress in revealing ways and allow him to touch their genitals.  (Id. At para. 19).  Buchanan

2

was charged in Hopkins County Circuit Court for promoting a sexual performance by a minor under 16-years old because of his related sexual contact with the neighborhood victims. (Id. At para. 104). That charge was dismissed after Buchanan was federally indicted in this case. (Id.).

### III. Crimes of Conviction

Buchanan is charged with five child pornography crimes. Counts 1 through 4 charge Buchanan with the production of child pornography of two victims. Count 5 charges Buchanan with possession of child pornography. On April 7, 2024, Buchanan pleaded guilty to all counts of the Indictment pursuant to a Rule 11©(1)(B) agreement.

### IV. Criminal History

The United States concurs with the criminal history calculation of a Category III as prepared by the United States Probation Office. (Id. At para. 100).

### V. Guidelines Calculations

The government has no objection to the guideline calculation in the Presentence Investigation Report. The guideline offense level is 43 with a corresponding sentencing range of 1440 months. (Id. At para. 128). The parties' plea agreement, however, estimated the guideline offense level would be 37, which is 6 levels below that calculated in the PSR. (Id. At para. 12). The defendant has noted objections to several of the guideline enhancements (DN 28-1, at pp. 1-3) that were not included in the parties' offense level estimation. Despite these

enhancements not being in the parties' calculations, the government cannot disagree with their applicability for the reasons set out below.

### 717. **The enhancement for supervisory control should apply.**

First, Buchanan objects to the two-level enhancement of 2G2.1(b)(5) for having the victims in his custody, care or supervisory control. (Id. At p.4). As noted in the Addendum to the Presentence Report, Application Note 6 in Section 2G2.1, subsection (b)(5) is intended to have broad application and includes offenses involving a minor being entrusted to the defendant, whether temporarily or permanently. (Id. At p. 1). The enhancement is intended to apply to temporary caretakers like babysitters. § 2G2.1(b)(5) Application Note 5. The Sixth Circuit in *United States v. Martin*, 291 Fed. Appx. 765 (6th Cir. Sep. 9, 2008), found that the enhancement applied to a professional photographer who produced child pornography of aspiring models who were dropped off at his studio for four to six hours. In that case, the Court remarked that application note 3 instructs that "the court should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship." *United States v. Martin*, 291 Fed. Appx. At 768.

In Buchanan's case, he was entrusted with the care of the victims as the children were approximately 7 years old at his house playing with his grandchildren with no other adults supervising. The young children victimized by Buchanan were neighborhood children and their parents impliedly trusted Buchanan to watch

4

over their children while not in their care. No official relationship is required for Buchanan to be otherwise in supervisory control of the victims while they played in his house with his grandchildren without any other adults present. Because of this relationship, the 2-level enhancement for supervisory control should apply.

**B.     The distribution enhancement applies to Buchanan's conduct.**

Second, Buchanan objects to the two-level enhancement of 2G2.2(b)(3)(F) for knowing distribution of child pornography. (DN 28-1. At pp.2 and 4). This objection is easily dispatched as Buchanan admitted to law enforcement in a mirandized interview that he distributed "images of child pornography and stated he did so in an effort to find images of his granddaughter online as he believed she was being sexually molested by another individual." (DN 28, at para. 20). Buchanan not only admitted to distributing child pornography but explained the reasoning behind his distribution. The two-level enhancement of 2G2.2(b)(3)(F) for knowing distribution therefore applies.

**C.     Buchanan's collection of child pornography depicted sadistic conduct.**

Lastly, Buchanan objected to the 4-level enhancement of 2G2.2(b)(4) for involving sadistic or masochistic conduct or the sexual abuse or exploitation of an infant or toddler. (DN 28-1, at p. 2 and 4). He believes the application is double counting with the prepubescent enhancement and that his child pornography did not depict sadistic or masochistic conduct or the sexual abuse of an infant or toddler. (Id. At p. 4).

5

1. <u>The sexual abuse depicted is sadistic or masochistic</u>.

    There is no doubt that that Buchanan possessed child pornography depicting sadistic or masochistic conduct or the sexual abuse or exploitation of an infant or toddler. Buchanan distributed a video depicting a 10 to 14-year-old girl lying on her back with her eyes covered by a sleep mask and her wrists in bondage restraints as an adult male rubbed her bare body. (DN 28, at para. 18©). A video of a blinded girl in restraints satisfies the definition of sadistic. Although the guideline does not define sadistic conduct, *Merriam-Webster's Dictionary* defines 'sadistic' as "taking pleasure in the infliction of pain, punishment, or humiliation on others." *See* https://www.merriam-webster.com/dictionary/sadistic. The Sixth Circuit has similarly held that sadistic conduct is not limited to physical pain. *United States v. Corp*, 668 F.3d 379, 388 (6th Cir. 2012). In *United States v. Corp*, the Sixth Circuit favorably cited the Seventh Circuit case of *United States v. Turchen*, 187 F.3d 735, 739 (7th Cir. 1999), noting that court concluded "the terms sadistic and masochistic also include 'sexual gratification which is purposefully degrading and humiliating [and] conduct that causes mental suffering or psychological or emotional injury in the victim' and that the enhancement may therefore be warranted even when images do not portray any kind of violence." *Corp.* 668 F.3d at 388-389.

    Although not technically violent, the video is intended to achieve sexual

gratification by causing the mental suffering of the child who is essentially blindfolded and bound while an adult male touches her body. Furthermore, the Sixth Circuit has determined that images or videos depicting "penetration of a prepubescent child by an adult male constitutes inherently sadistic conduct that justifies the application of § 2G2.2(b)(3)." *United States v. Groenendal*, 557 F.3d 419, 426 (6th Cir. 2009). Buchanan possessed a video depicting a prepubescent girl bent over a table being penetrated by an adult male (DN 28, at para. 16©), and a picture depicting a prepubescent girl being anally penetrated by an adult male (DN 28, at para. 17(b)). Those two items are per se sadistic and therefore the 4-level enhancement for sadistic or masochistic conduct apply.

2. <u>The application of the sadistic enhancement does not constitute impermissible double counting</u>.

Buchanan believes that the enhancement for sadistic conduct of 2G2.2(b)(4) constitutes double counting with the prepubescent enhancement of 2G2.2(b)(2). He is wrong. "Double counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Walters*, 775 F.3d 778, 782 (6TH Cir. 2015) (quotation omitted). "No double counting occurs if the defendant is punished for *distinct aspects* of his conduct." *United States v. Moon*, 513 F.3d 527, 542 (6th Cir. 2008) (emphasis added).

The 2-level enhancement for prepubescent minor applies whenever the child pornography involves a prepubescent child regardless of the conduct depicted. The 4-level enhancement for sadistic conduct applies when sadistic or masochistic abuse

7

occurs or "sexual abuse of an infant or toddler. There is no impermissible double counting here because the two enhancements punish distinct aspects of Buchanan's conduct. The 2-level enhancement applies because Buchanan's child pornography involved prepubescent girls. Specifically, he produced child pornography of prepubescent victims that did not contain any sexual contact or any infliction of pain or humiliation. (See DN 28, at paras. 16(a) – 16(d)).

The 4-level sadistic enhancement applies for multiple reasons that include distinct aspects of Buchanan's conduct that are different or additional to the conduct punished by the 2-level enhancement of 2G2.2(b)(2). For example, Buchanan possessed a video depicting a 10 to 14-year-old girl lying on her back with her eyes covered by a sleep mask and her wrists in bondage restraints as an adult male rubbed her bare body. (DN 28, at para. 18(c)). This video would satisfy 2G2.2(b)(4) regardless of whether the victim depicted was prepubescent or 14-years-old.

Another video Buchanan possessed that would satisfy 2G2.2(b)(4) depicted a prepubescent girl being penetrated by an adult male. This distinct aspect of this video of the penetration makes this video sadistic under 2G2.2(b)(4) and therefore does not constitute double counting with the prepubescent enhancement of 2G2.2(b)(2). Because the two enhancements do not require the same conduct to apply, there is no impermissible double counting.

### VI. 18 U.S.C. ' 3553(a) Factors

The sentencing range pursuant to the Guidelines is life, but the statutory maximum is 1440 months' incarceration.

This Court must ultimately affix a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. ' 3553(a)(2). For the following reasons, the United States respectfully requests that the Court impose a sentence within the applicable Guideline range.

Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

> (717) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed
>  (717) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  © to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>  (717) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
>   . . .
> (5) any pertinent policy statement—
>   . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

This is a sexual abuse case. Buchanan stands convicted of four counts of production of child pornography and one count of possession of child pornography. Buchanan was not some anonymous consumer of child pornography. He created it, he traded it, and he possessed it. Buchanan stands convicted of serious child exploitation offenses, including Production and possession of child pornography. The sentence imposed in this action should be substantial to adequately reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, deter further criminal conduct, protect the public from further crimes of the defendant, provide Buchanan with needed correctional treatment and avoid unwarranted sentence disparity. The sentence should reflect both the aggravating and mitigating factors in this case. Buchanan's conduct was not the mildest, nor was it the most severe. The United States believes that a low-end guideline sentence is sufficient but not greater than necessary to address the 3553(a) factors.

### A. The nature and circumstances of the offense and the history and characteristics of the defendant

The nature and circumstances of Buchanan's current offenses are malevolent. He used his grandchildrens' friendship with other neighborhood kids and promises of money and treats to take lascivious pictures of their vaginas. He possessed over a thousand images of child pornography and was caught trading child pornography online via a peer-to-peer file sharing program.

In fairness, there are no pictures or videos of Buchanan sexually penetrating any of the victims, but he was charged with promoting a sex performance by a

minor under 16 years old based on interviews of numerous children that he touched their genitals on multiple occasions and one victim claiming he raped her. (DN 28 at paras. 19, 104).

### B. The need for the sentence imposed to reflect the seriousness of the offense.

A low-end guideline sentence followed by a lifetime term of supervised release will reflect the seriousness of Buchanan's criminal conduct. A significant sentence of imprisonment will also promote respect for the law and give clear notice to Buchanan and the public that adults who sexually abuse children will be punished harshly. This point is particularly significant because Buchanan tried to justify his possession of child pornography by claiming he distributed child pornography in hope that he would stumble upon child pornography of his own grandchild uploaded by someone else. If this is truly his belief, which the government doubts, a lengthy sentence would impress upon Buchanan the seriousness of his criminal conduct. There is not a scenario where it is okay to abuse children or perpetuate the abuse of other children just to find images of the abuse of your grandchild. This does nothing to stop the abuse of any child, but instead guarantees more children will be sexually abused. There is no legitimate reason to engage in the criminal conduct Buchanan has pleaded guilty to.

### C. The kind of sentences available and the need to avoid unwarranted sentence disparity.

In considering the kinds of sentences available, it cannot be overlooked that a

statutory mandatory minimum term of imprisonment applies here and that the guideline is 1,440 months.  The government also acknowledges similarly situated defendants have received sentences in the 354–360-month range.  (DN 28 at para. 129).

## VII.   Conclusion

The parties' plea agreement is for a low-end guideline sentence, therefore the government requests a low-end guideline sentence followed by a lifetime term of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ *A. Spencer McKiness*
717.   Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6006
FAX: (502) 582-5067
Spencer.mckiness@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney