UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                          PLAINTIFF

v.                                                     CRIMINAL NO. 4:23-CR-1-GNS

STEVEN BUCHANAN                                        DEFENDANT

**SENTENCING MEMORANDUM**

Comes now the Defendant, Steven Buchanan, by and through counsel, and submits the following Sentencing Memorandum. This memorandum is made pursuant to 18 U.S. §3553(a). In support of the Defendant's motions, the Defendant states the following:

**Introduction**

Mr. Buchanan is a forty six (46) year old man, who comes before this Court facing the possibility of spending the rest of his natural life in the custody of the Federal Bureau of Prisons. Despite the United State's cavalier dismissal of Mr. Buchanan's explanation given to authorities upon his arrest, Mr. Buchanan requests this Court consider his explanation, and why he took the actions he did.

In support of Mr. Buchanan, who intends to testify at the hearing, the undersigned will also call Mr. Buchanan's mother, Carolyn Burris, his brother, Joey Buchanan, and his son, Devon Buchanan.

Mr. Buchanan insists, as he has from the moment he was detained and interviewed by law enforcement officials, that his actions were the result of his attempts to protect his grandchildren. Mr. Buchanan understands the criminality of his actions, and his acceptance of responsibility is evidenced by his plea of guilty.

**Factual Background**

Mr. Buchanan is a lifelong resident of Hopkins County. He grew up, for the most part, in a single parent household. Throughout his childhood, his dyslexia led to troubles with school, and as a result, Mr. Buchanan was often in trouble for issues related to truancy.

Those issues led to his removal from his mother's home in one, particular instance. His placement resulted in abuse from an individual employed by the state, and led to a suicide attempt and hospitalization of Mr. Buchanan.

As Mr. Buchanan reached adulthood, he married and had a son. Following his divorce, Mr. Buchanan raised his son as a single parent. During those years, Mr. Buchanan exhibited care for many children that came into his orbit through interactions with his son. Never did any of these children report or allege inappropriate behavior, of any kind, by Mr. Buchanan.

As Mr. Buchanan's son grew and started a family of his own, Mr. Buchanan continued to be supportive and was often charged with caring for his grandchildren. His grandchildren, as with most grandchildren, were very precious and important to their grandfather. During the course of his relationship with his grandchildren, Mr. Buchanan became alarmed by some of the things being said by one of the children in particular. The utterances of the child, along with his suspicions of previous abuse by the child's maternal grandmother, caused Mr. Buchanan severe concern.

Following this, and in his alert state, Mr. Buchanan asserts, in the course of viewing age-appropriate and non-criminal pornographic images, he viewed what he was convinced were images of this particular child. At this point, Mr. Buchanan felt compelled to act to protect his grandchildren.

At first, he considered what the undersigned would deem appropriate action – notifying law enforcement. Mr. Buchanan asserts that he even saved the images in a way that would allow him to do so, and intended to seek the assistance of authorities. However, Mr. Buchanan had the obvious concern that by providing the images to law enforcement, he would be prosecuted for their possession. This fear led him to destroy what he had saved.

However, his concern continued. As a result of this concern, and his judgment clouded not only by alcohol abuse but his previous interactions with law enforcement, Mr. Buchanan set out to determine who may be abusing this child. At first, Mr. Buchanan sought out websites that permitted unfettered access to the material. However, as his obsession grew and his desire to hold accountable those who produced these materials strengthened, Mr. Buchanan ventured further into parts of the internet that required more action on his part.

Soon, in order to view more materials in his search, Mr. Buchanan would be required to either remit money in the form of cryptocurrency or submit materials to be viewed by other

users. This led Mr. Buchanan to begin secretively taking pictures of other children. The images that he produced were intended, on his part, to be combined with other images or videos he has viewed in order to appear to be new material.

It is important to note, however, that Mr. Buchanan was not charged with, nor is there evidence that these images he produced were ever distributed or made available to view by others. In fact, Mr. Buchanan asserts that once he took the pictures, he could not go through with using them to further his plan of seeking more materials.

Furthermore, Mr. Buchanan denies the allegations alluded to by the United States of him physically engaging in sexual abuse of any child. His actions, however ill-conceived, were done in hopes of protecting his grandchildren.

## Criminal History

Pursuant to the Parties Plea Agreement, the Defendant is not permitted to seek departure of the Criminal History calculation pursuant to §4A1.3. Therefore, Mr. Buchanan's previous convictions, involving conditionally discharged jail sentences for offenses ranging from disorderly conduct to failure to maintain insurance, do appear to require allocation of points, technically.

## Guideline Calculations

*Specific Offense Characteristics*

Mr. Buchanan objects to the application of §2G2.1(b)(5), specifically in regards to Counts 1-3. The images created in regards to Counts 1-3 stem from Mr. Buchanan taking photographs of a child on a single date during a brief interaction in and around his residence. Mr. Buchanan's interactions with this child, on this date, were not in relation to the child visiting or staying with Mr. Buchanan, and Mr. Buchanan was not, at this particular time, entrusted with the care of the child.

Regarding the same enhancement in Count 4, Mr. Buchanan agrees that the children in the image relating to this count were in his home, and were there to visit with his grandchildren overnight. However, Mr. Buchanan insists, as stated above, his conduct was the result of his judgment being obscured by his desire to locate images of his grandchildren, which he believed would lead him to identify the perpetrator(s) that he believed to exist.

Mr. Buchanan objects to the application of §2G2.2(b)(3)(F) regarding distribution. As noted above, Mr. Buchanan asserts that he did not upload or distribute any images that he created

or produced. However, it appears that this enhancement is applied due to Mr. Buchanan's use, at one point, of file-sharing programs during the course of his conduct. Mr. Buchanan requests this application not apply because he never intended to distribute, or make available for download by other users, images or videos. Mr. Buchanan's sole purpose and motivation was to locate images of his grandchildren, who he suspected of being in danger of sexual abuse, identify the perpetrator(s), and seek some form of retribution.

Mr. Buchanan objects to the application of §2G2,2(b)(4)(A) regarding images portraying sadistic conduct. As noted above, Mr. Buchanan's sole motivation for obtaining these images was to further his attempt to locate evidence of wrong-doing being perpetrated against his grandchildren. This endeavor led to him to indiscriminately seek images of children that met the same characteristics of his grandchildren. In short, Mr. Buchanan did not seek out images of a particular fetish, but rather attempted to view images that would possibly contain images of his grandchildren.

## Statutory Factors

Mr. Buchanan recognizes and understands that the nature of these offenses are, on their face, reprehensible. However, as detailed above, the circumstances which led to Mr. Buchanan engaging in this conduct, while seemingly incredible and ill-advised, were born out of his desire to protect his grandchildren. Mr. Buchanan, at age 46, has no reported history of similar conduct or allegations, and has a criminal history consisting of traffic violations and misdemeanors related to alcohol abuse.

Mr. Buchanan does not dispute that his actions and course of conduct were wrong and criminal. His desire to protect his grandchildren blinded him to the harm he was causing to the children that he took pictures of, as well as the perpetuation of the harm to the children depicted in the images and videos that he viewed. He understands that he will be punished severely for his actions. However, he maintains that his actions were a result of his desire prevent further harm to his grandchildren. Therefore, Mr. Buchanan asserts that the Parties contemplated recommendation of 210 months is more than adequate to reflect the seriousness of his conduct.

Mr. Buchanan urges the Court, when evaluating the circumstances of his case, and assessing the sentencing options available to the Court, to consider that in the event of Mr. Buchanan's release, he will be subject to a heightened level of supervision for the remainder of his life with conditions that will dictate how, where, and with whom he will engage in daily life

activities.  This is not only a method of maintaining public safety, but also, in practice, serves as further punishment of a defendant.

In conclusion, Mr. Buchanan moves this Court to impose a punishment that will allow him the realistic prospect of being allowed to rejoin free society before the end of his natural life.

WHEREFORE, Mr. Buchanan moves this Court to:

(1) Apply only those specific offense characteristics contemplated by the Parties in the Plea Agreement;
(2) Impose a sentence consistent with the Parties Plea Agreement.

So moved this 13th day of September, 2024.

/s/ Jonathon Coomes
Jonathon Coomes
WILKEY & WILSON, PSC
111 West Second Street
Owensboro, KY 42303
(270) 685-6000
(270) 683-2229 fax
jcoomes@wilkeylaw.com
*Attorney for the Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of the electronic filing to all parties of record.

/s/ Jonathon Coomes
Jonathon Coomes